FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OREGON TOOL, INC. f/k/a BLOUNT INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>IRONCRAFT, LLC; and CHRISTOPHER L. HAEFER, and his marital community,<br><br>Defendants. | Case No. 4:23-CV-05110-MKD<br><br>STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT<br><br>ECF No. 50 |

Before the Court is the parties' Stipulated Protective Order and Clawback Agreement, ECF No. 50. The parties stipulate to the entry of a Stipulated Protective Order and Clawback Agreement. The Court finds good cause to enter the requested protective order.

Accordingly, **IT IS HEREBY ORDERED:**

**1.** The parties' Stipulated Protective Order and Clawback Agreement, **ECF No. 50**, is **GRANTED**.

STIPULATED PROTECTIVE ORDER - 1

2. The parties' Stipulated Protective Order and Clawback Agreement is entered as follows.

## STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

### A. PURPOSES AND LIMITATIONS

The disputes between these parties arise in a highly competitive industry where the disclosure of confidential or sensitive information may cause competitive harm or unfair competitive advantage. Discovery in this action is likely to involve the production of such confidential, proprietary, or private materials ("Confidential Information"). The Parties petition the Court to enter the following Protective Order to protect Confidential Information without impeding the discovery process.

In so moving, the Parties acknowledge this Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the Parties to file Confidential Information under seal.

### B. DESIGNATIONS

The parties may designate information or materials as follows ("Designated Information" or "Designated Material").

STIPULATED PROTECTIVE ORDER - 2

### 1. "CONFIDENTIAL" Material

"CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: (a) the financial books and records of the producing party, including parent companies, affiliates, and subsidiaries, to the extent that this information is not publicly filed with federal or state regulatory authorities and not contained within publicly available quarterly or annual reports; (b) the producing party's contracts, pricing, revenue, transactions, or deal terms with customers, suppliers, distributors, vendors, or other third-parties; (c) information relating to the producing party's design, engineering, and production process; (d) information the producing party has regarding its customers and competitors; (e) employment and personnel records, including without limitation personnel files, information regarding employee performance, payroll records, and benefits information; (f) personally identifying information of the producing party or the producing party's employees or customers; (g) information the producing party is obligated to keep confidential by contract, statute, or other legal authority; and (h) any other information that the producing party's business competitors could use to obtain a business or legal advantage over the producing party.

### 2. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material

Information or items marked "Attorneys' Eyes Only" shall include

STIPULATED PROTECTIVE ORDER - 3

documents and tangible things produced or otherwise exchanged between the parties, or obtained by nonparties, of a highly sensitive nature, the disclosure of which, either to an opposing party or other person, would be detrimental to the designating party. This specifically includes, but is not limited to: trade secrets of the parties, and non-public marketing, product, or other development and/or business strategies of the parties.

  C. **METHOD OF DESIGNATING CONFIDENTIAL INFORMATION**

  1. <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings). Designation should be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the phrase "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

  2. <u>Testimony</u>: The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript,

STIPULATED PROTECTIVE ORDER - 4

designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or designate the same as "ATTORNEY'S EYES ONLY."

      3.     <u>Exercise of Restraint and Care.</u>

    a.    Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designation may be applied to the entirety of a document. However, upon reasonable request of the opposing party, the producing party must provide a more narrowly designated version of a document previously designated in its entirety, designating for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

    b.    Mass, indiscriminate, or routinized designations and mass, indiscriminate, or routinized requests for narrower designations of documents designated in their entirety are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

    c.    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party

STIPULATED PROTECTIVE ORDER - 5

must promptly notify all other parties that it is withdrawing the mistaken designation.

4. <u>Timing of Designations.</u>

a. Except for documents produced for inspection, any designation of Confidential Information should be made prior to, or contemporaneously with, the production or disclosure of that information.

b. If timely corrected, an inadvertent failure to designate confidential information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

c. If a receiving party reasonably believes that a producing party has failed to designate Confidential Information, it shall notify the producing party of the alleged failure within thirty (30) days of receipt. Upon providing that notice, the receiving party shall destroy or return the undesignated documents and the producing party shall provide copies of the same documents with each page containing the appropriate designations, as set forth at part C(1)-(3). Thereafter the parties shall treat such documents as designated.

D. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1. <u>Timing of Challenges.</u> Any party or non-party may challenge a

STIPULATED PROTECTIVE ORDER - 6

designation at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The confidentiality designation of any document in this action shall be without prejudice to any claim or defense in this action.

   2. <u>Meet and Confer.</u> The Parties must make reasonable attempts to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

   3. <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

### E. SCOPE

The protections conferred by this Order cover not only Designated Information (as defined above), but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Designated Information.

However, the protections conferred by this Order do not cover information that the designating party placed within the public domain or becomes part of the public domain through trial or otherwise.

### F. ACCESS TO AND USE OF PRODUCED MATERIAL

Regardless of whether it has been designated in accordance with this Order, a receiving party may use material disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

Any Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order. Designated Materials must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized by this Order.

STIPULATED PROTECTIVE ORDER - 8

**1.    Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

    a.    the receiving party's internal and outside counsel of record in this action, as well as employees of such counsel and insurance adjusters to whom it is reasonably necessary to disclose the information for this litigation;

    b.    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    c.    experts and consultants, including potential experts and consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.    the Court, court personnel, and court reporters and their staff;

    e.    copy, document management, electronic discovery, or imaging service providers retained by counsel to assist in the management and duplication of confidential material, provided that such service provider has agreed in writing to use any confidential material only to perform services for the party that has retained it in this litigation, not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

STIPULATED PROTECTIVE ORDER - 9

  f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court (with the further requirement that pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order);

  g the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  i any mediator retained by the Parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation, provided that such mediator has agreed in writing to maintain the confidentiality of confidential information received in this action.

  **2.** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials**

Unless otherwise ordered by this Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

STIPULATED PROTECTIVE ORDER - 10

    a.    The receiving party's designated corporate representative, identified below, who has signed the "Acknowledgment and Agreement to Be Bound" (Ex. A):

    Oregon Tool Designated Representative: Derek Paulson.

    IronCraft Designated Representative: Pat Kozlowski.

    Mr. Haefer may also review "ATTORNEYS' EYES ONLY" information, provided he signs the "Acknowledgment and Agreement to Be Bound."

    b.    The receiving party's internal and outside counsel of record in this litigation, as well as employees of said counsel and insurance adjusters reasonably necessary to disclose the information for this litigation;

    c.    Any experts and consultants, including potential experts and consultants, to whom the disclosure is reasonably necessary for this litigation and who sign the "Acknowledgment and Agreement to Be Bound" (Ex. A);

    d.    This Court, its clerks, and staff;

    e.    Court reporters and their staff, provided that counsel for the party that retained the court reporter or court reporting service instructs the same not to disclose any material that is the subject of this protective order and further instructs the same to return all originals and copies of any protected material upon the completion of any court reporting service;

    f.    Copy or imaging services retained by counsel to assist in the

STIPULATED PROTECTIVE ORDER - 11

duplication of material that is subject to an ATTORNEYS' EYES ONLY designation, provided that counsel for the party retaining the copy or imagining service instructs the service not to disclose the same to third parties and to immediately return all originals and copies of any confidential material; and

    g.    The author of the document or original source of the information.

**3.    Filing Designated Material.**

Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

If the parties are unable to reach agreement, then the filing party shall file the Designated Material under seal. If the party filing the motion to seal is not the designating party, then the designating party shall have the burden to make the requisite showing to seal in response to that motion to seal.

**4.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action, that party must:

    (a)    promptly notify the designating party in writing and include a

copy of the subpoena or court order; and

      (b)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Designated Material may be affected.

### G. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### H. CLAWBACK AGREEMENT

In the event that a party inadvertently produces privileged or other protected materials, the Parties further stipulate and agree as follows:

**1. Non-Waiver**

Pursuant to Fed. R. Civ. P. 502(d), the production of any documents, electronically stored information, or other information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other matter, constitute a waiver by the producing party of any privilege or

STIPULATED PROTECTIVE ORDER - 13

protection from disclosure applicable to those documents, including the attorney-client privilege, work product protection, common interest privilege, joint defense privilege, proprietary / trade secret protection, and/or any other privilege or protection. This stipulation shall be interpreted to provide the maximum protection allowed under applicable law.

### 2. Without Prejudice.

The production of any document in this action shall be without prejudice to any claim in this action or any other action that such material is protected by any legally cognizable privilege, proprietary or privacy protection, or evidentiary protection including, but not limited to, the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, and/or trade secret protection. Additionally, the production of any non-relevant or non-responsive documents in this action shall be without prejudice to any claim that such material is not relevant to the proceeding and/or not responsive to discovery requests.

### 3. Duties of Receiving Party Upon Discovering Inadvertent Production.

If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in

STIPULATED PROTECTIVE ORDER - 14

writing that it has discovered documents believed to be privileged and/or protected; (c) specifically identify the documents by Bates number range or hash value range; and (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts, or compilations of the content thereof, within five (5) business days of discovery by the receiving party. Where such documents cannot be destroyed or separated, they shall nonetheless not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding the foregoing, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged, work product protected, proprietary / trade secrets, or any other privileged or protected information.

### 4. Duties of Producing Party Upon Notification of Inadvertent Production.

A producing party may assert privilege or protection over any documents, electronically stored information, or other information produced in discovery at any time by notifying the receiving party in writing of the assertion of privilege or protection; but, the producing party need not do so in order to preserve the privilege or protection.

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information, as well as any portion of the document that does not contain privileged or protected information, until the claim is resolved; and must take

STIPULATED PROTECTIVE ORDER - 15

reasonable steps to retrieve the information if the party disclosed it before being notified.

### 5.     Contesting Assertion of Privilege and/or Protection.

The receiving party shall have five (5) judicial days from receipt of notification of the privileged or protected assertion to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection based on privilege and/or protection and the specific grounds for that objection.

The receiving party's return, sequestering, or destruction of such privileged or protected documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection; that the disclosure of the documents was not inadvertent; that the producing party did not take reasonable steps to prevent the disclosure of the documents; or that the producing party failed to take reasonable steps to rectify the error. The producing party need make no showing with respect to measures taken to prevent the production of the documents in question in order to be entitled to their return.

STIPULATED PROTECTIVE ORDER - 16

Either party may submit the specified documents to the Court, under seal, for a determination of the claim and must provide the Court with the grounds for the asserted privilege or protection. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed.

Nothing contained in this Clawback Agreement is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## I.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

STIPULATED PROTECTIVE ORDER - 17

All obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED September 1, 2023.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - 18

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ in the case of *Oregon Tool, Inc. v. IronCraft, LLC and Christopher L. Haefer* (Case No. 4:23-cv-5110-MKD). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City/ State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 19